# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

ANTHONY ENRIQUE RODRIGUEZ, :
:
Petitioner :
:
VS. :
:
STATE OF GEORGIA, : NO. 5:10-CV-350 (MTT)
:
Respondent :
: **O R D E R**

By order dated September 29, 2010, this Court directed *pro se* petitioner **ANTHONY ENRIQUE RODRIGUEZ,** a prisoner at the Bleckley Probation Detention Center, to do the following: (1) file his petition on this Court's 28 U.S.C. § 2241 form; (2) pay the $5.00 filing fee or submit a request to proceed *in forma pauperis*; and (3) state whether he has exhausted his state remedies. Because petitioner is apparently challenging the computation of his sentence, the Court informed him that exhaustion would "require his seeking relief from the Georgia Department of Corrections ("GDOC") and then pursuing a state court mandamus action against the GDOC Commissioner." *See Ellison v. Seabolt* 2009 WL 3254881 (S.D. Ga. Oct. 9, 2009) (citing *Anderson v. State*, 290 Ga. App. 890, 660 S.E.2d 876, 891 (2008)).

Petitioner has now completed and filed his petition on this Court's habeas form. Petitioner has not, however, exhausted his state remedies. Specifically, he has not sought relief from the Georgia Department of Corrections. Alternatively, if petitioner is challenging the sentence imposed by the trial judge, he must either appeal the sentence with the Georgia Court of Appeals or file a state habeas corpus

action. Petitioner has pursued neither of these avenues.[1]

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). **A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c). Moreover, exhaustion requires that the petitioner "invok[e] one complete round of the State's established appellate review process."** *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Under the above circumstances, the petitioner cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies as outlined above. Once petitioner has completed all avenues available to him, he will then be permitted to return to federal court. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[2]

---

[1] Petitioner states that he has appealed the imposition of his sentence, but it is clear from his pleadings that petitioner merely filed a post-sentencing motion with the trial court.

[2] Pursuant to Rule 4 of the rules governing federal habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition.

      **SO ORDERED**, this 14th day of October, 2010.

                                              <u>S/ Marc T. Treadwell</u>
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT

cr